UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AIRLINES, INC.,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>ROBERT STEVEN MAWHINNEY,<br><br>　　　　　　　　　　Respondent. | Case No.: 18-cv-00731-BTM-WVG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO RESPOND TO NOTICE OF SUPPLEMENTAL AUTHORITIES AND GRANTING PETITION TO CONFIRM ARBITRATION AWARD**<br><br>**[ECF Nos. 4, 17]** |

## I.　INTRODUCTION

Pending before the Court is American Airline's Petition to Confirm Arbitration Award. For the reasons set forth below, the Court GRANTS the Petition. (ECF No. 4).

## II.　BACKGROUND

Robert Mawhinney is an aircraft maintenance technician who worked at American Airlines ("American"). American first fired Mawhinney in 2001. (ECF No. 4-1, Exh. 3). Mawhinney alleged he was wrongfully terminated in retaliation for whistleblowing, and initiated a civil action and administrative action before the U.S. Department of Labor. (ECF No. 4-1, "Hayashi Decl." ¶ 2). In 2002,

1

Mawhinney and American settled both actions. (Hayashi Decl. ¶ 2). The 2002 settlement agreement contained an arbitration clause, which required that all future employment disputes between Mawhinney and American be resolved exclusively through private arbitration. (ECF No. 4-1, Exh. 1).

Mawhinney continued to work for American Airlines until 2011, when American again terminated his employment. (Hayashi Decl. ¶ 3). Mawhinney viewed his firing as retaliation for whistleblowing about airline safety in 2010 and 2011. (Hayashi Decl. ¶ 3; Exh. 3 at 1-3). Mawhinney initiated two separate proceedings, requesting private arbitration pursuant to the 2002 settlement agreement and filing an administrative complaint with the Department of Labor against American. (Hayashi Decl. ¶ 3; Exh. 3 at 3).

The subsequent procedural history of the two actions is lengthy and exhaustively outlined in the Ninth Circuit's opinion affirming the order to compel arbitration. *See American Airlines, Inc. v. Mawhinney*, 904 F.3d 1114 (9th Cir. 2018). The Court incorporates the facts set forth by the Ninth Circuit, and details only the proceedings relevant to American's petition to confirm the arbitration award: specifically, the first arbitration, second arbitration, and Mawhinney's appeals concerning whether the district court erred by compelling the second arbitration.

**A. First Arbitration**

For six days in September 2014, the parties privately arbitrated Mawhinney's claims against American for employment retaliation, wrongful termination, and breach of contract. (ECF No. 4-1, Exh. 3 at 14-15). American prevailed on those claims. (ECF No. 4-1, Exh. 3 at 15). The presiding district court denied Mawhinney's petition to vacate the award, and granted the cross-petition to confirm the arbitration award. *Mawhinney v. American Airlines*, No. 15-cv-0259-MMA-BLM, 2015 WL 13604265 at *1 (S.D. Cal. Aug. 13, 2015). The court denied Mawhinney's motion to alter or amend the judgment in December

2015, and the Ninth Circuit affirmed. *Mawhinney v. American Airlines, Inc.*, 692 Fed. App'x 937 (July 3, 2017).

However, the district court denied American's motion to enjoin the administrative action, or alternatively, to compel the parties to arbitrate the claims in the administrative action. *Mawhinney v. American Airlines*, Case No. 15-cv-0259-MMA-BLM, ECF No. 45 (Aug. 23, 2016). Because the court "did not consider the merits of Mawhinney's claims underlying the first arbitration," the court concluded it was "unable to enforce the arbitrator's judgment or determine the preclusive effect of the arbitrator's judgment in the [administrative] action." *Id.* at 6. The court stated, "to the extent American wishes to file a petition to compel arbitration pursuant to 9 U.S.C. § 4, it must file its petition as a new case, not as an alternative request in a motion to enforce judgment." *Id.* at 5.

**B. Second Arbitration**

American filed a new civil action and moved to compel arbitration in the administrative action. *American Airlines, Inc. v. Mawhinney*, No. 16-cv-2270-MMA-BLM, ECF No. 5. The motion to compel the second arbitration was granted. *See American Airlines, Inc.*, 904 F.3d at 1119. Mawhinney appealed. *Id.*

The Ninth Circuit denied Mawhinney's motions to obtain a stay of arbitration, and the second arbitration went forward during the pendency of the appeal. (ECF No. 4-1 ¶ 24; Exh. 5). Mawhinney failed to appear at the second arbitration, and did not file an opposition brief. (ECF No. 4-1, Exh. 5). Mawhinney did file a supplemental brief requesting a stay of the arbitration, notwithstanding the Ninth Circuit's contrary order denying Mawhinney's request for a stay. (Id.) American moved for summary disposition, arguing that Mawhinney's claims of employment retaliation and wrongful termination were already decided in the first arbitration and therefore barred under the doctrines of res judicata and collateral estoppel. (Id.). American prevailed and an arbitration

award was entered in its favor on December 20, 2017. (Id.)  Unlike the first arbitration, Mawhinney did not move to vacate, amend, or correct the second arbitration award by the three month deadline set forth in 9 U.S.C. § 12.  The Airline petitioned this Court to grant the second arbitration award in April 2018. (ECF Nos. 1, 4).

### C. Appeals

On September 26, 2018, while American's petition was pending before this Court, the Ninth Circuit held that the claims between Mawhinney and American were properly subject to arbitration, affirming the district court. *See American Airlines, Inc. v. Mawhinney*, 904 F.3d 1114 (9th Cir. 2018). The Ninth Circuit denied Mawhinney's petition for rehearing en banc, and the U.S. Supreme Court denied Mawhinney's petition for a writ of certiorari. *See American Airlines, Inc. v. Mawhinney*, No. 16-55006 (9th Cir. Nov. 5, 2018); *Mawhinney v. American Airlines, Inc.*, No. 18-1032 2019 WL 485453 (Mem) (U.S. Apr. 1, 2019).

## III. DISCUSSION

Mawhinney, proceeding pro se, filed a Response, Sur-reply, and Amended Sur-reply opposing the Petition.  (ECF Nos. 8-1, 11, 13).  Mawhinney also filed a Request for Leave to Respond to Petitioner's Notice of Supplemental Authorities, accompanied by a responsive briefing.  (ECF No. 17).  The Court grants that request and has considered Mawhinney's response. (ECF No. 17).  Mawhinney asks this Court to deny American's Petition to Confirm Arbitration Award and order that Mawhinney's administrative action be allowed to proceed. (ECF No. 17 at 6).  American argues the Petition to Confirm Arbitration Award should be granted because Mawhinney lost his appeals challenging the underlying motion to compel arbitration, and he failed to timely challenge the arbitration award itself. (ECF No. 15).  The Court agrees with American.

Mawhinney's challenges to the Petition are unavailing. Mawhinney primarily argues that the Court should not confirm the arbitration award because the

underlying decision to compel arbitration was erroneous. (ECF Nos. 11, 13, 17). But, as discussed above, the Ninth Circuit held that the claims between Mawhinney and American were properly subject to arbitration. Mawhinney nevertheless urges the Court to reject the Ninth Circuit's "fallacious" and "erroneous" conclusion, and allow the action to be litigated before an Administrative Law Judge. (ECF No. 17 at 3, 4, 6). This argument reflects a fundamental misunderstanding of the relationship between trial and appellate courts. As a lower trial court, this Court defers to the Ninth Circuit and the U.S. Supreme Court, and is bound by those courts' decisions. Here, Mawhinney has lost his appeal before the Ninth Circuit, and the Supreme Court denied certiorari. The underlying decision to compel arbitration is thus no longer disputable.

As for the arbitration award itself, Mawhinney did not move to vacate or otherwise challenge the award by the three month deadline. *See* 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). The second arbitration award was issued on December 20, 2017. (ECF No. 4-1, Exh. 5). Mawhinney missed the three-month window to move to vacate the award, and cannot do so now through his opposition. *See, e.g.*, *AG La Mesa LLC v. Lexington Ins. Co.*, No. 10-CV-1873 AJB-BGS, 2012 WL 2961264, at *2 (S.D. Cal. July 19, 2012) (holding failure to timely file motion to vacate arbitration decision cannot be cured through opposition to petition to confirm arbitration award).

Although Mawhinney proceeds *pro se* and thus is entitled to some leniency with procedural matters, Mawhinney was not unaware of this procedure, as he properly moved to vacate the first arbitration. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding pro se litigants held to less stringent standards); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Mawhinney v. American*

5

*Airlines*, No. 15-cv-0259-MMA-BLM, 2015 WL 13604265 at *1 (S.D. Cal. Aug. 13, 2015) (denying Mawhinney's petition to vacate first arbitration award). This was a tactical decision—Mawhinney admits he chose not to engage in the second arbitration and instead relied on his challenge to the underlying motion to compel the arbitration. (See ECF No. 13 at 12). To the extent Mawhinney now challenges the arbitrator's ruling that res judicata and collateral estoppel apply to the administrative action, the arguments are untimely and unavailing. (ECF No. 11 at 3-5; ECF No. 13 at 10-12).

**IV. CONCLUSION**

The Petition to Confirm Arbitration Award is GRANTED. The Clerk shall enter final judgment.

IT IS SO ORDERED.

Dated: April 29, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge